UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ERIC B. J.,

        Plaintiff,

 -against-             6:17-CV-0511 (LEK/TWD)

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

## DECISION AND ORDER

**I. INTRODUCTION**

This social security action comes before the Court following a Report and Recommendation filed on November 7, 2018 by the Honorable David E. Peebles, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). Dkt. No. 20 ("Report-Recommendation"). Plaintiff pro se Eric B. J. timely filed objections, Dkt. No. 23 ("Objections"), and Defendant Commissioner of Social Security timely filed a response, Dkt. No. 28 ("Response"). For the following reasons, the Court adopts the Report-Recommendation in its entirety and dismisses Plaintiff's Complaint.

**II. BACKGROUND**

Though the Report-Recommendation details the factual background and procedural history of this case, R. & R. at 2–13, the Court will briefly summarize the facts for convenience. Plaintiff has suffered from a variety of maladies since at least November 2010, when he was injured in a car accident. Id. at 3. His conditions include pain and loss of strength in the left side of his body, high blood pressure, obesity, sleep apnea, sinus infections, anxiety, and depression. Id. at 4–10. On March 4, 2014, Plaintiff filed applications for disability insurance benefits and supplemental security income

payments, alleging that he had been unable to work since the 2010 car accident because of his medical conditions.[1] Id. at 9. Administrative Law Judge ("ALJ") F. Patrick Flannigan held a hearing on October 1, 2015 and issued a decision on November 23, 2015, finding that Plaintiff was not disabled from November 29, 2012 to the date of the ALJ's decision. Id. (citing R. at 6–22). The Social Security Appeals Council denied Plaintiff's application for review on April 12, 2017, R. & R. at 9, after which Plaintiff filed this action, Dkt. No. 1 ("Complaint").

In his Report-Recommendation, Magistrate Judge Peebles found that the ALJ's decision was "supported by substantial evidence and resulted from the application of proper legal principles," and he therefore recommended affirming the decision and dismissing Plaintiff's case. R. & R. at 34. Generously construing Plaintiff's one-page submission, Dkt. No. 11 ("Plaintiff's Brief"), the Report-Recommendation interpreted Plaintiff's appeal to argue that: (1) the ALJ's residual functioning capacity ("RFC") determination was not supported by substantial evidence; (2) the ALJ improperly discounted the opinions of Plaintiff's treating sources; (3) the ALJ improperly evaluated Plaintiff's subjective complaints; (4) the ALJ improperly determined that Plaintiff's hypertension, sleep apnea, and sinus infections were "non-severe" conditions; (5) the Magistrate Judge should remand for consideration of after-acquired evidence; and (6) on step five, the ALJ improperly relied on vocational expert opinion testimony about what occupations Plaintiff could perform. Id. at 18–34. The Report-Recommendation then found that these arguments lacked merit. Plaintiff objects to the Report-Recommendation.

---

[1] Plaintiff later amended his alleged onset date to November 29, 2012. R. & R. at 9.

## III. STANDARD OF REVIEW

### A. Review of the Magistrate's Report-Recommendation

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); L.R. 72.1(c). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013); Farid v. Bouey, 554 F. Supp. 2d 301, 306–07 (N.D.N.Y. 2008), abrogated on other grounds Widomski v. State Univ. of N.Y. at Orange, 748 F.3d 471 (2d Cir. 2014); see also Machicote v. Ercole, No. 06-CV-13320, 2011 WL 3809920, at *2 (S.D.N.Y. Aug. 25, 2011) ("[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal . . . ."). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b).

### B. Review of the ALJ's Decision

When a court reviews an ALJ's decision, it must determine whether the ALJ applied the correct legal standards and whether his or her decision is supported by substantial evidence in the record. 42 U.S.C. § 405(g). Substantial evidence amounts to "more than a mere scintilla," and it must reasonably support the decision-maker's

3

conclusion. Halloran v. Barnhart, 362 F.3d 28, 31 (2d Cir. 2004) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). A court will defer to the ALJ's decision if it is supported by substantial evidence "even if [the court] might justifiably have reached a different result upon a de novo review." Sixberry v. Colvin, No. 12-CV-1231, 2013 WL 5310209, at *3 (N.D.N.Y. Sept. 20, 2013) (quoting Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984)). However, a court should not uphold the ALJ's decision—even when there is substantial evidence to support it—if it is based on legal error. Bubnis v. Apfel, 150 F.3d 177, 181 (2d Cir. 1998).

## IV. ANALYSIS

Undoubtedly because of his pro se status, Plaintiff's submission is brief and does not explicitly delineate the legal basis for his objections. The Court reads Plaintiff's objections to rest on essentially three grounds. First, Plaintiff appears to argue that the ALJ's determination of Plaintiff's RFC is unsupported by substantial evidence because certain doctors Plaintiff saw in the Chicago area after his car accident in 2010 could not properly evaluate him. Objs. at 1. Second, Plaintiff has submitted new evidence that post-dates the ALJ's decision and urges the Court to remand so that the ALJ can consider that evidence. Id. And third, Plaintiff references a failed attempt to maintain employment in an apparent renewed challenge to either the ALJ's RFC determination or his "step five" conclusion that Plaintiff can adjust to other work.[2] Id.

### A. Substantial Evidence Supporting the ALJ's RFC Determination

In his Objections, Plaintiff states that his "doctor visits in Chicago, IL, were very brief, and [the doctors] didn't have time to see the full extent of my disabilities. So, I

---

[2] Plaintiff's Objections on this point are not clear.

4

object that the doctors did not examine me fully for my disability." Objs. at 1. The Court reads this objection to challenge the sufficiency of the evidence supporting the ALJ's determination of Plaintiff's RFC.

Defendant urges the Court not to consider this argument because Plaintiff "waived" it by not raising it before the Magistrate Judge. Resp. at 3–4 (citing O'Halloran v. Gonyea, No. 11-CV-343, 2015 WL 93716, *2 (N.D.N.Y. Jan. 7, 2015) ("[A] district court will ordinarily refuse to consider an argument that could have been, but was not, presented to the magistrate judge in the first instance.")). But, mindful of Plaintiff's pro se status, the Court will not refuse outright to consider Plaintiff's argument. Cf. Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994) ("Because [plaintiff] is a pro se litigant, we read his supporting papers liberally."). Yet even reading Plaintiff's objection with the liberality due a pro se litigant's submissions, this objection fails.

As an initial matter, it is difficult to determine exactly which doctors' visits Plaintiff believes were too brief. Plaintiff states that he saw "doctors in Chicago from 2011-2013," Objs. at 1, but the Record contains documentation from medical providers in Illinois only from 2010 and 2011, see R. at 258–83 ("Emergency Department Records, dated 11/01/2010 to 11/02/2010, from Katherine Shaw Bethea Hospital, Dixon, IL"); 284–301 ("Office Treatment Records, dated 12/01/2010 to 12/17/2011, from FHN-Family Healthcare Center, Savanna, IL"); 302–12 ("Emergency Department Records, dated 02/20/2011, from Katherine Shaw Bethea Hospital, Dixon, IL"); 313–41 ("Physical/Occupational Therapy Records, dated 01/04/2011 to 04/18/2011, from Katherine Shaw Bethea Hospital, Dixon, IL"). The next medical evidence in the Record is from St. Elizabeth Family Medicine in Utica, NY and dates from January 2012. See R.

5

& R. at 4–5; R. at 342–54. The remaining medical evidence also comes from providers located in upstate New York. R. at 355–594. For this reason, it is unclear whether Plaintiff's objection relates purely to the records from his doctors' visits in the Chicago area in 2010 and 2011 or, more generally, to all his doctors' visits from 2011–2013 .

Either way, Plaintiff's objection is unavailing. Plaintiff has adduced no evidence to support his claim that his doctors' visits were too short for a proper evaluation, or any other evidence casting into doubt the quantity or quality of the medical care he received. The reports Plaintiff objects to are not "medical opinions," subject to weighing by the ALJ, see 20 C.F.R. § 404.1527(c), but instead consist of objective evidence such as clinical findings, lab results, diagnoses, and treatment plans from licensed physicians, R. at 258–312. These types of records are identified in the SSA's regulations as acceptable medical evidence, 20 C.F.R. § 220.46, and ALJs rely on them routinely when making decisions, see, e.g., Tammy Lynn B. v. Comm'r of Soc. Sec., 382 F. Supp. 3d 184, 192 (N.D.N.Y. 2019). Without any proof that these records are suspect, there is no basis to reverse the ALJ's decision.

Moreover, even if the Court granted Plaintiff's request and discounted all the medical evidence from 2011–2013, this would not help Plaintiff's case. There is sufficient evidence from 2014 and 2015 alone to support the ALJ's RFC determination, including a 2014 consultative examiner opinion, R. at 355–60, a medical source statement, id. at 571–74, and over one hundred pages of records from Plaintiff's upstate New York medical providers detailing Plaintiff's doctors' visits, treatment plans, and lab and x-ray results, see, e.g., id. at 449–560. The "Chicago" evidence was not dispositive in the ALJ's determination of Plaintiff's RFC, see id. at 14–16, and discounting this

evidence would not change the result of the ALJ's determination. For these reasons, the Court must reject Plaintiff's objection.[3]

### B. Remand for Consideration of Plaintiff's New Evidence

Plaintiff next objects that his "physical condition has deteriorated [since 2013] and [he has] been put on higher doses of medication since 2014," and that this deterioration "continues to this day . . . both mental[ly] and physical[ly]." In support of this claim, Plaintiff has submitted "new evidence" comprising almost four hundred pages of medical records dating from July 2014 to December 2018 and documenting his regular doctors' visits and back injections. Dkt. Nos. 23-4 to -6. Plaintiff previously submitted some of these records to the ALJ, compare R. at 449–551 (treatment records from Plaintiff's appointments at the Slocum-Dickson Medical Group from September 10, 2015 to July 2, 2014) with Dkt. No. 23-5 ("Exhibit 4 Part 1 to Objections") at 25–95 and Dkt. No. 23-6 ("Exhibit 5 to Objections") at 78–114 (same), while the balance were never seen by the ALJ as they post-date the ALJ's November 2015 decision. Based on these submissions, the Court reads Plaintiff's objection to argue that he is entitled to remand so that the ALJ can reconsider Plaintiff's case in light of this new evidence.

Defendant again argues that the Court should refuse to consider Plaintiff's new evidence because Plaintiff has failed to file a motion for remand as required by the Northern District of New York's General Order 18. Resp. at 4 (citing General Order 18).

---

[3] The Court notes additionally that much of the evidence Plaintiff wants discounted is helpful to his case. See, e.g., R at 15 ("[Plaintiff's] report of symptoms is consistent with his hospitalizations for neck/shoulder/back pain (November 2010, June 2012, July 2012) [including] medical imaging demonstrating significant degenerative changes to his cervical spine . . . .").

Nevertheless, even if the Court treats Plaintiff's Objections as a motion for remand, Plaintiff's new evidence is unavailing.

A court may remand to an ALJ to consider additional evidence "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). To succeed on a motion for remand, a plaintiff must show that the proffered evidence is: (1) "new," i.e. "not merely cumulative of what is already in the record;" (2) "material," that is, "both relevant to the claimant's condition during the time period for which benefits were denied and probative;" and (3) was omitted from the proceeding before the ALJ for "good cause." Tirado v. Bowen, 842 F.2d 595, 597 (2d Cir. 1988).

The evidence Plaintiff submitted in support of his Objections cannot satisfy Tirado's three-part test. The portions of Plaintiff's exhibits from 2014 and early 2015 that he previously submitted to the ALJ, R. at 449–551, are not "new" and, thus, do not justify remand under Tirado. The remaining portions of the exhibits admittedly satisfy Tirado's "newness" and "good cause" prongs. See, e.g., Pollard v. Halter, 377 F.3d 183, 193 (2d Cir. 2004) ("Because the new evidence submitted by Ms. Pollard did not exist at the time of the ALJ's hearing, there is no question that the evidence is 'new' and that 'good cause' existed for her failure to submit this evidence to the ALJ."); Stober v. Astrue, No. 09-CV-1014, 2010 WL 7864971, at *17 (D. Conn. July 2, 2010) ("[T]he remaining records post-date the ALJ's decision and were never submitted to . . . the ALJ . . . [t]hus, they are 'new' and there was good cause for not submitting them. The only remaining issue is whether they were 'material.'"). Unfortunately for Plaintiff, these new portions fail on materiality.

8

To satisfy Tirado's materiality prong, evidence that post-dates an ALJ's decision must relate back to the time period at issue—meaning that the evidence must "shed light on [the p]laintiff's condition during the period for which benefits were denied." Wilbon v. Colvin, No. 15-CV-756, 2016 WL 5402702, at *4 (W.D.N.Y. Sept. 28, 2016); see also Roman v. Colvin, No. 13-CV-7284, 2015 WL 4643136, at *10, n.5 (S.D.N.Y. Aug. 4, 2015) ("This evidence—which was not presented to the ALJ or the Appeals Council—is not probative to the determination of disability as it as it post-dates the ALJ's decision by more than two years, and the authors did not relate their findings back to the relevant period."). Here, the relevant time period stems from November 29, 2012, the alleged onset date, to November 23, 2015, the date the ALJ issued his decision. See Johnson v. Astrue, 563 F. Supp. 2d 444, 461 (S.D.N.Y. 2008) ("[New] evidence must be . . . relevant to the alleged condition during the claimed period of impairment prior to ALJ's decision."). Plaintiff has failed to demonstrate how the newly submitted November 2015 to December 2018 medical records relate back to the relevant time period or call into question the ALJ's decision as to Plaintiff's disability during that time period. See Wilbon, 2016 WL 5402702, at *4 (W.D.N.Y. Sept. 28, 2016) ("[T]he burden is on the claimant to show that the criteria under § 405(g) and Tirado are satisfied.") (citing Mulrain v. Comm'r of Soc. Sec., 431 F.App'x 38, 39 (2d Cir. 2011). Nor has the Court's own review of these documents revealed any records that shed new light on Plaintiff's condition circa 2012–2014, such that remand would be warranted. See Wallis v. Comm'r of Soc. Sec., No. 09-CV-1075, 2010 WL 3808303, at *9–10 (N.D.N.Y. Aug. 5, 2010), report and recommendation adopted, 2010 WL 3806824 (N.D.N.Y. Sept. 22, 2010) (denying remand where "[p]laintiff has not offered any rationale to even arguably suggest

9

that the new evidence relates to her condition during the relevant time period"). Thus, the new evidence is not material.

Additionally, Plaintiff's new evidence is also immaterial because there is no "reasonable possibility" that the new evidence would cause the ALJ to decide Plaintiff's claim differently. To satisfy Tirado's materiality prong, new evidence must not only relate back to the relevant time period, it must also be "probative," meaning that there is "a reasonable possibility that the new evidence would have influenced the [ALJ] to decide [the] claimant's application differently." Tirado, 842 F.2d at 597. Plaintiff appears to argue that his deteriorating condition necessitates a reversal of the ALJ's decision. Objs. at 1. The Court notes that Plaintiff's newly submitted medical records do not obviously bear this claim out. See, e.g., Ex. 4 Part 1 to Objs. at 7 (report from an August 20, 2018 doctor's visit in which Plaintiff stated he had "been doing well since he last saw [the doctor]" and a that back injection he had received "really helped him"); Dkt. No. 23-7 ("Exhibit 7 in Support of Objections") at 1 (results from an MRI noting that Plaintiff's "minor degenerative changes" to his lumbar spine were "stable in appearance"). But even if the new evidence corroborated Plaintiff's claim that his condition was worsening, this would not create a "reasonable probability" that the ALJ would reverse his decision. A subsequent deterioration of Plaintiff's condition might be attributable to intervening circumstances and, therefore, would not affect the ALJ's assessment of whether Plaintiff was disabled during the relevant time period. See Wilbon, 2016 WL 5402702, at *4 ("The fact that [a doctor] noted 'degenerative changes' in [p]laintiff's lumbosacral spine in 2015 could mean that [p]laintiff's back condition worsened at some point between the 2012 x-ray and the ALJ's decision in 2014, but it could just as easily mean that

[p]laintiff's back condition worsened sometime in the year after the ALJ's decision."). Here, where it is questionable whether the new medical records indicate a change in Plaintiff's condition, the records are immaterial and not a basis for remand. Therefore, Plaintiff's objection and motion for remand is denied.

### C. Challenge to the ALJ's RFC or Step Five Determination

Lastly, Plaintiff states in his objections that in 2018 he "was able to procure employment at a Target Distribution Center" until unbearable pain forced him "to resign." Objs. at 1. He continues that "no one will hire me because of my limitations when standing, sitting, stooping, lifting for any extended period of time, which is 20 minutes." Objs. at 1. These statements echo Plaintiff's statement in his Brief that "[w]ith [my] conditions . . . I find it difficult to find sustainable employment . . . I have applied to several companies and have been rejected after they hear the facts of my condition." Pl.'s Br. at 1. The Court reads these statements as objections to either the ALJ's RFC calculation or his "step five" determination that there are available employment positions in the national economy that Plaintiff can perform.

Either way, this objection, too, is unavailing. First, Plaintiff's statement about his employment at Target is new evidence and would have to satisfy Tirado, as described above. Since Plaintiff has not shown how his ability to maintain a job in 2018 relates back to his disability status from 2012 to 2015, Plaintiff's statement would fail the Tirado test. Second, Magistrate Judge Peebles construed Plaintiff's Brief to raise essentially the same challenges to the ALJ's RFC calculation and step five determination as this Court finds Plaintiff to be raising in his Objections. R. & R. at 18–21, 33. The Magistrate Judge addressed those arguments in the Report-Recommendation, see id., and the Court finds

11

no error, clear or otherwise, in the Report-Recommendation. See Barnes, 2013 WL 1121353, at *1 (objections that reiterate arguments made to a magistrate judge trigger only clear error review from a district court).

## V. CONCLUSION

If Plaintiff's medical conditions have indeed gotten worse during the pendency of this case, he can file a new application for benefits based on changed circumstances. See Wallis, 2010 WL 3808303, at *10. The only issue before this Court is the validity of the ALJ's determination, based on Plaintiff's current application for benefits, that Plaintiff was not disabled from November 2012 to November 2015. As the Report-Recommendation rightly described, that decision was "supported by substantial evidence and resulted from the application of proper legal principles."

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 20) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that decision of the Commissioner is **AFFIRMED**; and it is further

**ORDERED**, that Defendant's Motion for Judgement on the Pleadings (Dkt. No. 11) is **GRANTED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: September 26, 2019
Albany, New York

*Lawrence E. Kahn*
U.S. District Judge